IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| Eric Munday, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 3:22-cv-00030 |
| Corsair Pro LLC, and<br>Janis Lasmanis, | ) ) ) ) |
|     Defendants. | ) ) |

**AMENDED COMPLAINT**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Eric Munday (hereinafter, "Plaintiff"), by and through counsel, and for this Complaint against Defendants Corsair Pro LLC (hereinafter, "Corsair") and Janis Lasmanis (collectively "Defendants"), states and alleges as follows:

**NATURE OF THE COMPLAINT**

1. Plaintiff brings this action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this action against Defendants for unpaid wages, overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiff seeks declaratory relief; unpaid back wages, overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred

1

in this action.

## PARTIES

5. Plaintiff Mr. Munday is an adult resident of Portland, Tennessee.

6. Defendant Janis Lasmanis is an adult resident of Tennessee.

7. Upon information and belief, Defendant Corsair Pro, LLC is a Tennessee-based limited liability company, and may be reached for service through its registered agent, Janis Lasmanis, 1700 Boxwood Drive, Nashville, Tennessee 37211-7534.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.*

9. Defendant Corsair is a legal entity incorporated in the State of Tennessee, is subject to service of process in Tennessee, and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Corsair.

10. Defendant Janis Lasmanis is a resident of Tennessee and, consequently, this court has personal jurisdiction over him.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL BACKGROUND

12. Defendant Janis Lasmanis owns, operates, and manages Corsair Pro, LLC.

13. Defendants hired Plaintiff Mr. Munday on or about July 19, 2020 in to work on Paint Corrections as a Detailer.

14. Defendants controlled the work of Mr. Munday and he did not exercise any discretion on order pricing, work assignments, or customer interactions.

15. Defendants provided Mr. Munday with all the materials and equipment required for his work.

16. Mr. Munday did not manage or supervise other Corsair employees or office personnel.

17. For the duration of Mr. Munday's employment with Defendants, Mr. Munday worked more than fifty hours per week. Mr. Munday sometimes worked as much as seventy hours in a week.

18. For the duration of his employment with Defendants, Mr. Munday's recorded and submitted his weekly hours to Corsair management.

19. Defendants paid Mr. Munday $20 per hour.

20. Defendants paid Mr. Munday using mobile applications, including Cash App, Venmo, and Zelle.

21. For the duration of Mr. Munday's employment, Defendants did not pay Mr. Munday overtime premiums, or at least one- and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

22. Although Defendant paid Mr. Munday on a 1099-basis as though he was "exempt" from the FLSA overtime requirements, Mr. Munday's job duties and working conditions do not comport with any existing exemptions from FLSA overtime requirements. .

23. For the duration of his employment with Corsair, Mr. Munday did not manage, direct, or supervise the work of other Corsair employees. Mr. Munday also did not possess the authority to hire or fire other Corsair employees.

24. For the duration of his employment with Corsair, Mr. Munday did not have the authority to exercise discretion or independent judgment to deal with business operations, customer interactions, or other matters of significance to Corsair.

25. Defendants knew or should have known that Mr. Munday's position was not exempt from FLSA overtime requirements.

26. Defendants failed and refused to pay Mr. Munday overtime premiums for all hours worked over forty in any given workweek.

27. Defendants knew or should have known Mr. Munday had worked and recorded overtime hours but was not being paid an overtime premium as required under the Fair Labor Standards Act.

28. Despite their knowledge, Defendants willfully failed to pay Mr. Munday overtime pay for every hour worked over forty in a workweek.

29. In early April 2021, Mr. Munday sought the services of an attorney to bring legal action against Defendants for violations of the FLSA and the failure to pay overtime premiums.

30. On or about April 17, 2021, Defendants terminated Mr. Munday's employment.

31. Defendant Mr. Lasmanis stated that Mr. Munday was terminated for his one-day absence on April 17, 2021.

32. Prior to his termination, Defendant Mr. Lasmanis had personally approved Mr. Munday's absence from work on April 17, 2021 via text message. In the text message, Defendant Mr. Lasmanis told Mr. Munday to "Take the day off."

33. Defendant Mr. Lasmanis approved Mr. Munday's April 17, 2021 absence from work

34. After terminating Mr. Munday, Defendant Mr. Lasmanis specifically asked Mr. Munday about his search for an attorney.

## COUNT I - FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

36. At all relevant times, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

37. At all relevant times complained of herein, Defendants were an employer under 29 U.S.C. § 203(e)(1).

38. The FLSA requires each covered employer, such as Defendants, compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

39. At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213.

40. Defendants willfully failed and refused to pay Plaintiff overtime premiums for all hours worked over forty in any given workweek throughout the time in which Plaintiff was employed by Defendants.

41. As a result of Defendants' failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

42. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT II—RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Plaintiff realleges and incorporates all allegations set forth above as if actually set forth herein.

45. The FLSA prohibits employers from terminating employees in retaliation for the employee's assertion rights under the FLSA. 29 U.S.C. § 215 (a)(3).

46. Retaliation in violation of the FLSA is shown when: (1) the employee engaged in a protected activity under the FLSA; (2) the employee's exercise of this right was known to the employer; (3) thereafter, the employer took an employment action adverse to him; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Mansfield v. City of Murfreesboro*, 706 F. App'x 231, 236 (6th Cir. 2017) (quoting *Adair v. Charter Cty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006)).

47. An employee has engaged in protected activity under the FLSA, if he "filed any complaint or instituted or caused to be instituted any proceeding" for violations of the FLSA. 29 U.S.C. § 215 (a)(3).

48. Pursuant to the FLSA, "a complaint is filed when a reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under the Act." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011) (internal quotations omitted).

49. It is objectively reasonable to believe that hiring an attorney to assist in filing a lawsuit for violations of the FLSA is an assertion of rights pursuant to the FLSA.

50. Mr. Munday, therefore, engaged in protected activity when he sought an attorney to assist him in asserting his rights under the FLSA.

51. Defendants were aware that Mr. Munday was engaged in protected activity.

52. Defendant Mr. Lasmanis confirmed such awareness when he asked Mr. Munday directly about Mr. Munday's search for an attorney.

53. The FLSA specifically enumerates discharging an employee as an adverse employment action. 29 U.S.C. § 215 (a)(3).

6

Case 3:22-cv-00030   Document 11   Filed 05/04/22   Page 6 of 8 PageID #: 34

54. Defendants, therefore, took an adverse employment action against Mr. Munday when terminating him.

55. The causal connection can be inferred based on the "temporal proximity" or closeness in time, between the employee engaging in protected and suffering an adverse employment. *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 305 (6th Cir. 2012) (addressing first amendment retaliation).

56. The causal connection between Mr. Munday's engagement in protected activity and Mr. Munday's termination can be inferred from their close temporal proximity, less than a month, between the two events.

57. The inference of causation is strengthened when the employee can show that the employer's proffered reason for the termination is pretextual. *Joostberns v. United Parcel Servs., Inc.*, 166 F. App'x 783, 795 n.7 (6th Cir. 2006).

58. Defendant Mr. Lasmanis terminated Mr. Munday for a single day absence that Defendant Mr. Lasmanis expressly approved.

59. The close temporal proximity and pretextual reason for terminating Mr. Munday demonstrate the causal connection between the protected activity and adverse employment action.

60. Defendants retaliated against Mr. Munday when they discharged him, in violation of . FLSA. 29 U.S.C. § 215 (a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eric Munday prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

7

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

 s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*